**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS RENTERIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>DEBBIE ASUNSION, Warden of CSP-LAC,<br><br>　　　　　Respondent. | No. CV 16-6874 R (FFM)<br><br>**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS UNTIMELY** |

On or about September 13, 2016, Petitioner Luis Renteria ("Petitioner"), a California prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) The Petition challenges Petitioner's 1990 conviction and sentence for second-degree felony-murder.

**1.    LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001) (citations omitted). For those prisoners whose convictions became final

before AEDPA's effective date, the one-year period began running on April 25, 1996. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).  Accordingly, "unless a subsection of Section 2244(d) calls for a later initiation of the limitations period," state prisoners whose convictions were final before April 24, 1996, had until April 24, 1997, to file a federal habeas petition.  *Hasan v. Galaza*, 254 F.3d 1150, 1153 (9th Cir. 2001).

If a petitioner's conviction is affirmed by an intermediate appellate court and he does not timely appeal that decision to the state's highest court, his conviction becomes final for the purposes of section 2244(d)(1)(A) when the period for seeking review from the state's highest court expires. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  In California, a petitioner's period for seeking review from the California Supreme Court expires forty days after the Court of Appeal decision is filed.  *See* Cal. R. Ct. 8.264(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct.  8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court.").  Here, Petitioner filed an untimely petition for review in the California Supreme Court, which the Court denied on June 9, 1992.[1]  Thus, his conviction became final forty days thereafter, on July 20, 1992, well before AEDPA's effective date.  As a result, Petitioner's period for seeking collateral review in federal court expired on April 24, 1997, unless he is entitled to a later start date.  *See Hasan*, 254 F.3d at 1153.

/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The Court takes judicial notice of Petitioner's state court proceedings as indicated on the California Courts of Appeal official case information website, found at http://appellatecases.courtinfo.ca.gov/index.html (hereafter "California Court Records"). *See Porter v. Ollison*, 620 F.3d 952, 954-55 (9th Cir. 2010) (federal courts may take judicial notice of state court dockets found on the internet).

Under AEDPA, a petitioner may be entitled to a later initiation of the limitations period. *See* 28 U.S.C. § 2244(d). Specifically, the relevant portion of AEDPA's timeliness provision states that:

> The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, Petitioner asserts two primary arguments for why he is entitled to relief. First, Petitioner contends that *Johnson v. United States*, 135 S. Ct. 2551 (2015), recognized the constitutional invalidity of California's second-degree felony-murder provisions under which Petitioner was convicted, thereby requiring his release. Second, Petitioner avers that *People v. Banks*, 61 Cal.4th 788 (2015), a California Supreme Court decision, renders his conviction unconstitutional because there was not sufficient evidence that Petitioner was a "major participant" in the crime for which he was convicted.

At the outset, the Court notes that only the United States Supreme Court can recognize a new rule of constitutional law for the purposes of section 2244(d)(1)(C). *See Dodd*, 545 U.S. at 358-60 (2005) (construing identical language in 28 U.S.C. § 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made the new rule retroactive). Accordingly,

even if *Banks* did enunciate a new rule of constitutional law, Petitioner would not be entitled to a later start date of the limitations period on that basis.[2] Thus, if Petitioner is entitled to a later start date at all, it is because *Johnson* enunciated a new rule of constitutional law that applies to Petitioner.

In *Johnson*, the Supreme Court found unconstitutionally vague the "residual clause" of the Armed Career Criminal Act (the "ACCA"). Under the ACCA, any felon convicted of possessing a firearm who had previously committed three or more "violent felonies" faces increased prison sentences. *See* 18 U.S.C. § 924(e)(1). The ACCA defines "violent felonies" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The residual clause of the ACCA is the portion of the quoted language that reads "or otherwise involves conduct that presents a serious potential risk of physical injury to another." *See Johnson*, 135 S. Ct. at 2556. Noting its own "repeated failures to craft a principled and objective standard out of the residual clause," the Supreme Court reasoned that the clause "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558. On that basis, the Court held that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.

As Petitioner points out, there appears to be at least a colorable argument that the rationale underlying the decision in *Johnson* could be applied to California's second-

---

[2] Moreover, it appears that the holding in *Banks* was premised on state law, errors of which are not cognizable on federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 67-687 (1991) (citations omitted).

degree felony-murder rule, under which Petitioner was convicted. *See Why California's Second-Degree Felony-Murder Rule is Now Void for Vagueness*, 43 Hastings Const. L.Q. 1 (Fall 2015). Under California law, "[s]econd degree felony murder is an unlawful killing in the course of the commission of a felony that is inherently dangerous to human life but is not included among the felonies enumerated in [Cal. Penal Code] section 189 . . . ." *People v. Chun*, 45 Cal.4th 1172, 1182 (2009) (internal quotation marks omitted). Although a superficial similarity may exist between the phrases "a serious potential risk of physical injury" and an act "inherently dangerous to human life," the *Johnson* Court did not rest its ruling solely on the lack of precision of the words "a serious potential risk of physical injury." On the contrary, the Court found that a number of factors, acting in combination, rendered the residual clause constitutionally infirm. *See, e.g.*, 135 S. Ct. at 2560 ("Each of the uncertainties in the residual clause may be tolerable in isolation, but 'their sum makes a task for us which at best could only be guesswork.'" (citations omitted)). The Court's decision in *Johnson* was narrow and based on the confluence of nine years of difficulty interpreting the provision, the remaining language of the statute, and the language of the residual clause itself. Thus, *Johnson* cannot be read so broadly as to have also found California's second-degree felony-murder elements also unconstitutionally vague. *See Birdwell v. California*, 2016 WL 5897780, at *2 (C.D. Cal. Oct. 5, 2016) (finding that *Johnson* was irrelevant to petitioner's conviction for felony murder). Accordingly, Petitioner cannot avail himself of the new rule enunciated in *Johnson*.

     In sum, because *Johnson* does not represent the Supreme Court's recognition of a new rule of constitutional law that is applicable to Petitioner, he is not entitled to a later start date of the one-year limitations period under 28 U.S.C. § 2244(d)(1)(C).

**2. STATUTORY TOLLING**

     Because *Johnson* does not apply here, Petitioner's situation is the same as if *Johnson* had never been issued — he was required to seek review of his conviction

/ / /

before April 24, 1997, and the Petition is untimely unless the limitations period is subject to statutory or equitable tolling.

Ordinarily, "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d)(2). "[A]n application for post conviction relief is pending during the 'intervals between a *lower* court decision and a filing of a new petition in a *higher* court.'" *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536 U.S. 214, 223 (2002)); *see also Delhomme v. Ramirez*, 340 F.3d 817, 821 n.3 (9th Cir. 2003) ("[T]he crucial issue for tolling purposes is whether the petitioner has timely proceeded to the next appellate level . . . ."), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189, 191 (2006). However, while the one-year limitations period is tolled during the intervals between filings in the same round of habeas pleading (gap-tolling), it is not tolled between the end of one round and the beginning of another. *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007) (citations omitted).

California Court records reveal that Petitioner filed numerous petitions with the California Court of Appeal and California Supreme Court in the years following the effective date of AEDPA. *See* California Court Records. However, even assuming Petitioner is entitled to several years of statutory tolling on the basis of those petitions, it appears that the Petition is still untimely. Between May 23, 2001, and March 4, 2013, Petitioner did not have any petitions pending in the California Court of Appeal or the California Supreme Court. *See id.* This twelve year gap cannot be considered reasonable for the purposes of gap-tolling. While the possibility remains that Petitioner may be entitled to statutory tolling based on petitions that were pending in superior courts between 2001 and 2013, Petitioner has failed to carry his burden to show that was the case. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2001) (petitioner bears the burden of demonstrating that the limitations period should be tolled) *overruled on other*

/ / /

*grounds by Pace v. Deguglielmo*, 544 U.S. 408 (2005). Accordingly, Petitioner does not appear entitled to statutory tolling.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling if a petitioner shows both that: (1) extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* (2) the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner has not made any allegation that suggests that equitable tolling may be appropriate in this instance. Petitioner has made no showing of extraordinary circumstances or of diligence and, therefore, has not demonstrated that he is entitled to equitable tolling.

### 4. ORDER TO SHOW CAUSE

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for tolling the statute, or for setting aside the one-year limitation, the Court orders Petitioner to show cause in writing within 30 days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred.

IT IS SO ORDERED.

Dated: December 16, 2016

                                         /S/FREDERICK F. MUMM
                                            FREDERICK F. MUMM
                                       United States Magistrate Judge